INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, and Hugh L. Rutledge, Appellants,

v.

UNITED STATES of America, Appellee.

No. 7953.

United States Court of Appeals Fourth Circuit.

Argued Oct. 22, 1959.

Decided Nov. 20, 1959.

Robert S. Cahoon, Greensboro, N. C., for appellants.

James M. Baley, Jr., U. S. Atty., Asheville, N. C., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

## PER CURIAM.

The motion of the United States to dismiss the appeal in this case on account of the failure of Robert S. Cahoon, the attorney for the appellants, to file a brief on their behalf within the time required by Rule 12 of this Court, 28 U.S.C.A., finds strong support in the attorney's delinquency and his indifference to the interest of his clients and to his duty as an officer of this Court. The record on appeal was filed on September 21, 1959, and on that day the Clerk of this Court mailed a letter in Richmond, Virginia, addressed to the attorney at his office in Greensboro, North Carolina, wherein the attorney was informed that the case would go on the docket of this Court for argument at the November term beginning in Baltimore, Maryland, on November 2, 1959, and that, in accordance with the rule of the Court, twenty-five printed copies of his brief and appendix should be filed on or before October 2, and that twenty-five copies of the appellee's brief and appendix should be filed on or before October 22nd. The letter admonished the attorney that the rule for the filing and printing of briefs and appendices would be strictly enforced. Notwithstanding this notice, the printed copies of the brief and appendix of the appellants had not been filed in this Court at the time that the motion to dismiss was filed on October 15th. The printed brief was not filed until November 2, and the printed appendix was not filed until November 13th.

In the meantime, the Clerk of this Court sent a second letter, on October 9, to the attorney notifying him that the case was assigned for argument in this Court on November 3rd. His attention was called to the fact that his brief was due to be filed on or before October 2nd.

Prior to the filing of the motion to dismiss, the United States Attorney, on October 7, notified Mr. Cahoon by telephone that his brief had not been filed and received a promise from him that it would be filed immediately and a typewritten copy sent to the United States Attorney. On October 12, the United States Attorney again telephoned the office of Mr. Cahoon, and being unable to talk with him directly left word that his brief must be immediately filed in order to give the United States Attorney time to prepare his brief. On October 13, Mr. Cahoon telegraphed the United States Attorney that the Clerk's first letter about the filing date had not come to his attention because it was misfiled in his office; and that he was then in the Supreme Court of North Carolina and would rush the brief. Upon the filing of the motion to dismiss the appeal, Mr. Cahoon was ordered by this Court to show cause why the motion to dismiss should not be granted and also to appear and explain his failure to comply with the rules of the Court. The explanation offered by him in effect, in his written response and in his oral statement in his appearance before the Court, was that he was too busy with other matters of importance in other courts to comply with the rule of this Court as to the filing of briefs.

A typewritten copy of the brief was not furnished to the United States Attorney until the hearing of the motion to dismiss on October 22, and the printed copies for the use of the Court were not

filed with the Clerk of the Court until November 2nd. The result was that the argument docket of the Court was necessarily rearranged so as to remove the case from the docket for argument on November 3rd by substituting another case in its place, and assigning the pending case for argument on November 19th.

We do not accept the excuses which the attorney has offered to the Court and we should find ample grounds to dismiss the appeal were it not for the fact that this action would deprive the appellants in an important case of the opportunity to be heard in this Court. Accordingly, the motion to dismiss the appeal was denied and the case was heard on the postponed date; but we find it incumbent upon us publicly to rebuke the attorney for his failure to comply with the rules of this Court and for the obstruction to the business of the Court which his indifference to his obligations has occasioned.

Motion to dismiss the appeal denied.